UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GONZALEZ,

                                 Plaintiff,

                    -against-

DUTCHESS COUNTY JUSTICE AND
TRANSITION CENTER; THERESA LEE,

                                 Defendants.

25-CV-4729 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who currently is incarcerated at Elmira Correctional Facility, brings this action,

*pro se*, under 42 U.S.C. § 1983, alleging that during his detention at the Dutchess County Justice

and Transition Center, he slipped on a wet floor in the facility and fractured his elbow, and that

he was denied adequate pain medication thereafter. By order dated August 1, 2025, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma

pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendants the Dutchess County Justice and Transition Center ("DCJTC") and DCJTC Superintendent Therse Lee.[2] On September 7, 2024, Plaintiff, a pretrial detainee, "slipped in water that had pooled in the Rec Yard. The water pooled as a direct result of poor drainage and floor coating." (ECF 1 at 4.) After the incident, Plaintiff "was taken to the hospital and treated" for a fractured elbow, but he further asserts that he "was denied adequate pain medication and suffered to date." (*Id.* at 4-5.) Plaintiff claims that Superintendent Lee "failed to provide a safe and slip resistant floor." (*Id.* at 4.) He seeks money damages. (*Id.* at 5.)

## DISCUSSION

**A.    Section 1983 claims**

Plaintiff asserts claims under 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Court construes Plaintiff's allegations as asserting claims that Defendants were deliberately indifferent to the conditions of his confinement that posed a serious threat to his health or safety. As Plaintiff was a pretrial detainee

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

during the events giving rise to his claims, the claims arise under the Due Process Clause of the

Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a conditions-of-confinement claim, Plaintiff must satisfy two elements: (1) an

"objective" element, which requires a showing that the challenged conditions are sufficiently

serious, and (2) a "mental" element, which requires a showing that the officer acted with at least

deliberate indifference to the challenged conditions. *Id.*

The objective element requires a showing that "the conditions, either alone or in

combination, pose an unreasonable risk of serious damage to his health" or safety, which

"includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting

*LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

The mental element requires a showing "that the defendant-official acted intentionally to

impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk

that the condition posed to the pretrial detainee even though the defendant-official knew, or

should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35.

The mere negligence of a correctional official is not a basis for a claim of a federal

constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986);

*Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

### 1.    Slippery floors

"District courts in this Circuit have repeatedly held that, standing alone, a claim that a

prisoner fell on a slippery floor and injured himself fails to satisfy the first prong of a conditions-

of-confinement claim." *Strange v. Westchester Cty. Dep't of Corr.*, No. 17-CV-9968 (NSR),

2018 WL 3910829, at *3 (S.D.N.Y. Aug. 14, 2018) (collecting cases); *see also Pinto v. Annucci*,

No. 20-CV-4490 (CS), 2022 WL 523628, at *5 (S.D.N.Y. Feb. 22, 2022) (holding that courts in

this Circuit routinely find that an accident, even if arising from a risky condition, does not rise to the level of a sufficiently serious deprivation) (collecting cases)).

Moreover, where a plaintiff fails to allege that a correction officer showed "deliberate indifference to the consequences of his conduct for those under his control and dependent upon him," *Morales v. N.Y.S. Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988), the plaintiff fails to state facts showing that the mental element of a condition-of-confinement claim is satisfied, *see, e.g., Garland v. City of New York*, No. 22-CV-10947 (LTS), 2023 WL 2898625, at *3 (S.D.N.Y. Apr. 10, 2023) (holding that any Section 1983 claim "requires proof of a *mens rea* greater than mere negligence"); *Strange*, 2018 WL 3910929, at *1 (holding that the plaintiff had failed to show deliberate indifference where he alleged that he had slipped and fell upon exiting his cell shower and "he did not have a shower mat to protect him from slipping"); *Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *4 (S.D.N.Y. July 23, 2014) (holding that "[a] prisoner's bare complaint about a slippery floor, without more, does not state an arguable claim of deliberate indifference."); *Seymore v. Dep't of Corr. Servs.*, No. 11-CV-2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (holding that "plaintiff ha[d], at most, alleged that various defendants were negligent in failing to correct conditions, not that any defendant obdurately and wantonly refused to remedy a specific risk to the plaintiff."). *But see Fredricks*, 2014 WL 3875181, at *5-6 (concluding that plaintiff with known disability who was subjected to slippery floor stated a constitutional claim).

Plaintiff's assertions that he slipped in water in the recreation yard that pooled because of poor drainage, and the fact that Superintendent Lee "failed to provide a safe and slip resistant floor" are insufficient to state a claim of deliberate indifference to the conditions of his confinement. First, district courts have held that a puddle of water, standing alone, did not pose

an unreasonable risk of serious damage to a prisoner's safety. *See, e.g.*, *Strange*, 2018 WL 3910929, at *3. Though Plaintiff did fall because of the water, and the puddle allegedly formed due to slippery surface, the condition itself did not pose a constitutionally recognized unreasonable risk. Moreover, Plaintiff does not assert that Defendants showed deliberate indifference to an unreasonable risk of serious damage to his safety. Plaintiff therefore fails to state a claim that Defendants were deliberately indifferent to his conditions of confinement with respect to the slippery floor. The Court dismisses this claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## 2.      Medical care

Plaintiff's allegations that he was denied constitutionally adequate pain medication must meet the same deliberate indifference test. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Where a prisoner alleges that some treatment was provided but that it was inadequate, the objective component focuses on the seriousness of the alleged inadequacy. *See Salahuddin v. Goord*, 467 F.3d 263 280 (2d Cir. 2006). Thus, where a prisoner alleges that treatment was inadequate because of delay, for example, the relevant concern is not "the severity of the prisoner's underlying medical condition," but the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a claim of a constitutional violation. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that a medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" required to satisfy the subjective component of the deliberate indifference standard).

The Court assumes, for the purposes of this order, that Plaintiff's medical condition subsequent to the slip and fall is objectively serious. He does not, however, allege facts suggesting that Defendants denied him constitutionally required medical attention after the slip and fall. Plaintiff alleges that he was taken to a hospital and treated for the fractured elbow, suggesting that he received timely and adequate medical care. He then alleges, without explaining exactly what happened, that he was "denied adequate pain medication and suffered to date." (ECF 1 at 5.) Plaintiff does not explain what pain medication he received, if and when he asked for more frequent or different or strong medication, and he does not allege who decided that it was not warranted. In short, Plaintiff does not provide sufficient facts for the Court to determine that any Defendant knew of and disregarded any serious risk to his health was deliberately indifferent to his medical needs. The Court grants Plaintiff leave to amend his complaint to state any facts suggesting that any Defendant knowingly failed to provide him medical care or medication for a particular injury that he suffered after his fall.

## B.    The named Defendants

### 1.    Dutchess County Justice and Transition Center

Plaintiff asserts a claim against the DCJTC. "A plaintiff cannot bring a claim against a municipal agency or entity that does not have the capacity to be sued under its municipal charter." *Edwards v. Arocho*, No. 22-585, 2024 WL 5244996, at *10 (2d Cir. Dec. 30, 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." (emphasis in original)). The Court will assume without deciding at this early stage that the DCJTC is a suable entity.

The Court will also construe the complaint as asserting a claim against Dutchess County. When a plaintiff sues a municipality or municipal entity under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some

wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011)). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff's complaint does not set forth facts suggesting that a municipal policy, custom, or practice contributed to the violation of his constitutional rights. If Plaintiff seeks to assert claims against Dutchess County or the DCJTC, he should name both entities defendants and

allege facts showing that a municipal policy, custom, or practice contributed to a violation of his constitutional rights.

### 2.      Superintendent Therse Lee

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff does not allege facts showing how Defendant Lee was personally involved in the events underlying his claims about being denied adequate pain medication. The Court grants Plaintiff leave to file an amended complaint to provide any additional facts that are available to him to support a claim against Defendant Lee.

### C.      Leave to amend granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim that he was not provided with constitutionally adequate medical care, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-4729 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:     October 1, 2025
            New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_____
_____
_____

Jury Trial:    ☐ Yes    ☐ No

*(check one)*

_____
_____
_____

___ **Civ.** _____ ( )

_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
            ID#_____
            Current Institution_____
            Address_____
            _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                Where Currently Employed _____
                Address _____
                _____

*Rev. 01/2010*                               1

Defendant  No. 2     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did what?

Defendant  No. 4     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

What happened to you?

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.     Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

       Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

　　　Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

　　　Yes _____    No _____    Do Not Know _____

　　　If YES, which claim(s)?
　　　_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

　　　Yes _____    No _____

　　　If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

　　　Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?
　　　_____

　　　1.    Which claim(s) in this complaint did you grieve?
　　　 _____

　　　_____

　　　2.    What was the result, if any?
　　　 _____

　　　_____

　　　3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
　　　_____
　　　_____
　　　_____
　　　_____

F.    If you did not file a grievance:

　　　1.    If there are any reasons why you did not file a grievance, state them here:
　　　 _____
　　　 _____
　　　 _____

_____
_____
_____

      2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.**    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*       5

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<div style="float:left;border:1px solid black;padding:4px;">**On these claims**</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="float:left;border:1px solid black;padding:4px;">**On other claims**</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.       Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.       What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____