UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GONZALEZ,

               Plaintiff,

        -against-

DUTCHESS COUNTY JUSTICE AND
TRANSITION CENTER; THERESA LEE,

               Defendants.

25-CV-4729 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), is currently incarcerated at the Elmira Correctional Facility. He filed this action pursuant to 42 U.S.C. § 1983, alleging that during his detention at the Dutchess County Justice and Transition Center, he slipped on a wet floor and fractured his elbow, and was denied adequate pain medication. By order dated October 1, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on November 19, 2025, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

The following facts are drawn from the original complaint.[1] On September 7, 2024, Plaintiff, a pretrial detainee, "slipped in water that had pooled in the Rec Yard. The water pooled as a direct result of poor drainage and floor coating." (ECF 1 at 4.) After the incident, Plaintiff "was taken to the hospital and treated" for a fractured elbow, but he "was denied adequate pain

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

medication and suffered to date." (*Id.* at 4-5.) Plaintiff alleged that Superintendent Lee "failed to provide a safe and slip resistant floor." (*Id.* at 4.) He sought money damages. (*Id.* at 5.)

In the October 1, 2025 order, the Court explained that: (1) as a pretrial detainee, Plaintiff's conditions-of-confinement claim arose under the Due Process Clause of the Fourteenth Amendment; (2) to state a conditions-of-confinement claim, Plaintiff must satisfy two elements: (i) an objective element, which requires a showing that the challenged conditions are sufficiently serious, and (ii) a mental element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions; (3) the mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under Section 1983; and (4) district courts in this Circuit have repeatedly held that, standing alone, a claim that a prisoner fell on a slippery floor and injured himself failed to satisfy the first prong of a conditions-of-confinement claim. (ECF 9 at 2-5.)

The Court further explained that Plaintiff's medical care claim must meet the same deliberate indifference test, and his factual allegations—that Defendants had denied him "adequate pain medication" and that he had "suffered to date"—were insufficient to show that any Defendant knew of and disregarded a serious risk to Plaintiff's health or safety. (*Id.* at 5-6.) As the Court pointed out, Plaintiff did not explain "what pain medication he received, if and when he asked for more frequent or different or stronger medication, and he [did] not allege who decided that it was not warranted." (*Id.*) The Court granted Plaintiff 60 days' leave to file an amended complaint to address these deficiencies.

Plaintiff's amended complaint does not address the deficiencies in the original complaint. Plaintiff alleges that he slipped on a "wet spot" in the rec yard while "wearing jail issued non-slip resistant crocs"; that he was taken to the hospital; and that x-rays showed that he had a

broken elbow. (ECF 10 at 2-3.) Plaintiff asserts that one of the doctors said that he will "eventually have long term art[h]ritis" in that elbow. (*Id.* at 3.) Plaintiff provides no facts, and asserts no claims, regarding pain medication.

As the Court explained in its prior order, Plaintiff's allegations that he slipped on wet ground and injured himself suggest a "commonplace slip and fall," which may be actionable as a tort in state court but does not rise to the level of a constitutional deprivation. *Davidson v. Cannon*, 474 U.S. 344, 350 (1986). Plaintiff provides no facts suggesting that either the medical care or medication he received was constitutionally inadequate.

Accordingly, for the reasons set forth in this order and in the October 1, 2025 order, the Court dismisses this action for failure to state a claim on which relief may be granted.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

3

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   May 4, 2026
        New York, New York

                                       _Louis L. Stanton_
                                         Louis L. Stanton
                                          U.S.D.J.